1

**DAVID J. STEELE, CA Bar No. 209797**
**Email: david.steele@cph.com**

2

**CHRISTIE, PARKER & HALE, LLP**
**3501 Jamboree Road, Suite 6000-North Tower**

3

**Newport Beach, CA 92660**
**Telephone: (949) 476-0757**

4

**Facsimile: (949) 476-8640**

5

**HOWARD A. KROLL, CA Bar No. 100981**
**Email: howard.kroll@cph.com**

6

**CHRISTIE, PARKER & HALE, LLP**
**350 W. Colorado Boulevard, Suite 500**

7

**Pasadena, CA 91105**
**Telephone: (626) 795-9900**

8

**Facsimile: (626) 577-8800**

9

**SARAH B. DEUTSCH (Admitted *pro hac vice*)**
**Email: sarah.b.deutsch@verizon.com**

10

**VERIZON CORPORATE SERVICES CORP.**
**1515 North Court House Road, Suite 500**

11

**Arlington, VA 22201**
**Telephone: (703) 351-3044**

12

**Facsimile: (703) 351-3670**

13

Attorneys for Plaintiffs
VERIZON CALIFORNIA INC.

14

VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

15

16

UNITED STATES DISTRICT COURT

17

NORTHERN DISTRICT OF CALIFORNIA

18

SAN JOSE DIVISION

19

VERIZON CALIFORNIA INC.; VERIZON
TRADEMARK SERVICES LLC; and
VERIZON LICENSING COMPANY,

20

Plaintiffs,

21

vs.

22

ONLINENIC INC.; and DOES 1-10,

23

Defendants.

24

25

Case No. CV-08-2832-JF

**NOTICE OF MOTION AND**
**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' *EX PARTE***
**APPLICATION FOR AN ORDER**
**AUTHORIZING SERVICE OF**
**DEFENDANT ONLINENIC INC. BY**
**DELIVERY OF THE SUMMONS AND**
**COMPLAINT TO THE CALIFORNIA**
**SECRETARY OF STATE**

**Hon. Jeremy Fogel**

26

27

28

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State
Case No. CV-08-2832-JF

CHRISTIE, PARKER & HALE, LLP

1

## TABLE OF CONTENTS

2

Page(s)

3    I.    NOTICE OF MOTION ................................................................................1

4    II.   STATEMENT OF COURT RELIEF/ACTION ........................................1

5    III.  INTRODUCTION .....................................................................................1

6    IV.   BACKGROUND OF FACTS ....................................................................2

7    V.    ARGUMENT .............................................................................................4

8           a.   Defendant Could Not Be Served At Its Listed Principal Place
                 Of Business Nor At Its Listed Executive Office Because
9                Defendant Does Not Conduct Business At Either Location
                 It Listed With The Secretary Of State. ............................................4
10

11          b.   Defendant's Agent Could Not Be Served At The Location It Listed
                 With The Secretary Of State. ..........................................................5

12          c.   Service on Corporations by Delivery of the Summons and Complaint
                 to the California Secretary of State is Proper Under The Federal Rules
13               of Civil Procedure and California State Law Where The Corporation's
                 Designated Agent Cannot With Reasonable Diligence Be Found
14               At The Address Designated For Service. .........................................6

15                 i.    Defendant's Agent Designated Cannot with Reasonable
                         Diligence Be Found At The Address Designated For
16                       Personally Delivering The Process...................................7

17                 ii.   Despite Plaintiffs' Reasonable Diligence, Service
                         of Process On Defendant's Designated Agent
18                       Could Not Be Effected By Hand. ...................................7

19                 iii.  Because Plaintiffs Have Exercised Reasonable
                         Diligence Service By Delivery To The Secretary
20                       Of State Should Be Ordered. .......................................10

21   VI.   CONCLUSION ......................................................................................10

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

Page(s)

### STATUTES

Cal. Code of Civ. Pro. §415.20(a) ........................................................................ 8

Cal. Code of Civ. Pro. §415.30(a) ........................................................................ 8

Cal. Code of Civ. Pro. §416.10 ............................................................................ 8

Cal. Code of Civ. Pro. §416.10(b) ........................................................................ 4

Cal. Code of Civ. Pro. §416.10(b) ........................................................................ 6

Cal. Corp. Code §1502(b) .................................................................................... 7

Cal. Corp. Code §1702 ................................................................................... 6, 10

Cal. Corp. Code §1702(a) ...................................................................... 1, 2, 6, 9, 10

Cal. Corp. Code §1702(d) .............................................................................. 6, 10

Federal Rules of Civil Procedure Rule 4(d)(1)(A)(ii) ............................................ 8

Federal Rules of Civil Procedure Rule 4(e)(1) .................................................. 1, 2, 4, 6

Federal Rules of Civil Procedure Rule 4(h)(1)(A) ............................................ 4, 6

### MISCELLANEOUS

Local Rule 7-10 ................................................................................................... 2

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State    - ii -
Case No. CV-08-2832-JF

CHRISTIE, PARKER & HALE, LLP

**I.   <u>NOTICE OF MOTION</u>**

TO THE COURT, TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs, VERIZON CALIFORNIA INC., VERIZON TRADEMARK SERVICES LLC, and VERIZON LICENSING COMPANY (collectively "Plaintiffs"), by and through their attorneys, Christie, Parker & Hale, LLP, move this Court for an order authorizing service of OnlineNIC Inc. ("Defendant") by hand delivery of the summons and complaint to the California Secretary of State.  Plaintiffs believe this motion is suitable for a ruling on the papers submitted to the Court, however, Plaintiffs will attend any hearing requested by the Court and present oral argument at that time.

**II.   <u>STATEMENT OF COURT RELIEF/ACTION</u>**

Plaintiffs request that the Court issue an order authorizing service of Defendant by hand delivery of the summons and complaint to the California Secretary of State under the Federal Rules of Civil Procedure Rule 4(e)(1) and the California Corporations Code §1702(a).

**III.   <u>INTRODUCTION</u>**

Plaintiffs have exercised reasonable diligence in attempting to serve Defendant, employing a professional process server who attempted service on Defendant and its designated agent several times at several addresses, including those listed with the California Secretary of State, to no avail.  Accordingly, an order authorizing hand delivery of the summons and complaint to the California Secretary of State is appropriate under the Federal Rules of Civil Procedure Rule 4(e)(1) and the California Corporations Code §1702(a).

Plaintiffs file this Application *ex parte* because they have been unable to serve Defendant.  Neither Defendant nor counsel for Defendant has contacted Plaintiff's counsel regarding this suit despite that Defendant's designated agent and Chief Financial Officer received a copy of the complaint, summons, and related court documents.  Plaintiff will attempt to deliver a copy of this Application to Defendant using first class mail to an address listed by Defendant for receiving mail, to facsimile using a facsimile number listed by Defendant on

/ / /

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State     - 1 -
Case No. CV-08-2832-JF

1    their website for receiving facsimile messages, and via electronic mail using an electronic mail

2    address listed by Defendant on their website for receiving electronic mail.

3        Plaintiffs have complied with Local Rule 7-10 regarding this Application as Federal

4    Rules of Civil Procedure Rule 4(e)(1) permits service as authorized under California state law;

5    California Corporations Code §1702(a) permits the application to the Court for an order that

6    service be made upon the Secretary of State where the plaintiff cannot with reasonable

7    diligence locate the Defendant's designated agent.

8        IV.    **STATEMENT OF RELEVANT FACTS**

9        Defendant OnlineNIC Inc. is an active California corporation. (Declaration of Joshua T.

10   Chu In Support Of Plaintiffs' *Ex Parte* Application For An Order Authorizing Service Of

11   Defendant OnlineNIC Inc. By Delivery Of Summons And Complaint To California Secretary

12   Of State ("Chu Decl."), ¶¶ 2-5, Ex. A, filed concurrently herewith.) Defendant's principal

13   business office, according to California Secretary of State records, is 2315 26th Avenue, San

14   Francisco, California, 94116 ("2315 26th Avenue"). (Chu Decl., ¶¶ 2-3, Ex. A.) Defendant also

15   lists the 2315 26th Avenue address with the California Secretary of State for its designated

16   agent, Mr. Rex Liu ("Liu"), and for all of its corporate officers. *Id*. In addition, Liu is listed as

17   Defendant's Chief Financial Officer and Secretary. (Chu Decl., ¶ 5, Ex. B.)

18       On June 24, 2008 a professional process server, Jason Smith ("Smith") attempted to

19   serve Defendant or its designated agent Liu, at the 2315 26th Avenue address. (Declaration Of

20   Jason Smith In Support Of Plaintiffs' *Ex Parte* Application For An Order Authorizing Service

21   Of Defendant OnlineNIC Inc. By Delivery Of Summons And Complaint To California

22   Secretary Of State ("Smith Decl.") ¶¶ 2, 4) filed concurrently herewith.) Smith found that the

23   2315 26th Avenue address was a residence owned by Liu, but that Liu did not reside at the

24   property. (Smith Decl., ¶5.) Smith also found that neither Defendant nor Liu conducted

25   business at the 2315 26th Avenue. (Smith Decl., ¶5.)

26       Plaintiffs conducted further investigations and found that Liu appears to currently

27   conducts business at 351 Embarcadero E., Oakland, California ("351 Embarcadero").

28   Defendant also lists this address on its website as its mailing address. (Chu Decl. ¶ 8, Ex. C.)

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State    - 2 -
Case No. CV-08-2832-JF

CHRISTIE, PARKER & HALE, LLP

1    On June 27, 2008 Smith attempted to serve personally serve Liu at 351 Embarcadero.

2    (Smith Decl., ¶¶ 6-7.) Upon arriving at 351 Embarcadero, Smith was told by an employee of

3    the business operating at that address that Liu was not present, but suggested that Liu was his

4    superior. (Smith Decl., ¶ 7.) Smith was also told that Defendant did not conduct business at 351

5    Embarcadero. (Smith Decl., ¶ 7.) Smith left a copy the Complaint, Summons and related court

6    documents for Liu. (Smith Decl. ¶ 7.)

7    Plaintiffs also investigated and found a third address for Defendant. Defendant lists

8    3435 Wilshire Boulevard, Los Angeles, California, 90010, as the location of its principal

9    executive office with the California Secretary of State ("3435 Wilshire Boulevard"). (Chu

10   Decl., ¶ 5, Ex. B.) Plaintiffs investigated this address and, notwithstanding Defendant's listing

11   of this address, the operator of the commercial building at 3435 Wilshire Boulevard has no

12   record of Defendant on file and there is no indication that Defendant has an office at the

13   address. (Chu Dec., ¶¶ 5-6.)

14   On July 16, 2008 Plaintiffs' counsel sent a Waiver of Service of Summons along with

15   the Summons, Complaint, related court documents, and postage pre-paid return envelopes

16   (addressed to Plaintiffs' counsel) to Liu and Defendant at both the 2315 26th Avenue and the

17   351 Embarcadero addresses. (Chu Decl., ¶¶ 10, Exs. E-F.) Both packages were sent by United

18   States Express Mail and required a signature by the recipient. *Id.* The package sent to 351

19   Embarcadero address was accepted and signed for on July 17, 2008 by "R Liu." (Chu Decl., 11,

20   Exs. F, H.) However, the Waiver of Service of Summons has not been returned to Plaintiffs.[1]

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

_____

26   [1] The Waiver was sent on July 16, 2008 and requested Defendant return the acknowledgement

27   form before September 14, 2008.

28

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of Service    - 3 -
Case No. CV-08-2832-JF

## V.    ARGUMENT

### a.    Defendant Could Not Be Served At Its Listed Principal Place Of Business Nor At Its Listed Executive Office Because Defendant Does Not Conduct Business At Either Location It Listed With The Secretary Of State.

Federal Rules of Civil Procedure Rule ("FRCP") 4(h)(1)(A) provides that "a corporation may be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual." FRCP 4(e)(1) states that an individual, and thus the defendant corporation, "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

California Civil Procedure Code §416.10(b) provides that a summons may be served on a corporation by delivering a copy of the summons and the complaint:

> [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

(A copy of Cal. Civ. Pro. §416.10(b) is attached as Exhibit I to the Chu Decl.)

On June 24, 2008, Smith attempted to serve Defendant or its designated agent, Liu at the 2315 26th Avenue address. (Smith, ¶ 4.) In addition to being Defendant's designated agent, Liu is also Defendant's Chief Financial Officer and Secretary, therefore Liu could have accepted service on behalf of Defendant. (Chu Decl., ¶¶ 3, 5 and Exs. A, B.) Upon arrival, Smith found that the 2315 26th Avenue address was a residence owned by Liu, but that Liu did not reside at the property. (Smith Decl., ¶5.) Smith also found that neither Defendant nor Liu conducted business at the 2315 26th Avenue. (Smith Decl., ¶5.)

In a further attempt to locate Defendant, Plaintiffs researched Liu and Defendant, and found that Liu appears to currently conduct business at the 351 Embarcadero address, and that Defendant also lists this address on its website (available at http://www.onlinenic.com/support) as its mailing address. (Chu Decl. ¶ 8, Ex. C.)

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State        - 4 -
Case No. CV-08-2832-JF

On June 27, 2008 Smith attempted to serve personally serve Liu at the 351 Embarcadero address. (Smith Decl., ¶ 6.) Upon arriving at 351 Embarcadero, Smith was told Liu was not present, but the employee Smith spoke with did suggest that Liu was his superior. (Smith Decl., ¶ 7.) Smith was also told that Defendant did not conduct business at 351 Embarcadero. (Smith Decl., ¶ 7.) Smith left a copy the Complaint, Summons and related court documents for Liu. (Smith Decl. ¶ 7, Ex. 1.)

Plaintiffs investigated an additional address in listed with the Secretary of State for Defendant as its principal executive office: the 3435 Wilshire Boulevard address. (Chu Decl., ¶¶ 5, 6, Ex. B.) However, notwithstanding Defendant's listing of this address with the Secretary of State, the operator of the commercial building at 3435 Wilshire Boulevard has no record of Defendant on file and there is no indication that Defendant conducts business at the address. (Chu Dec., ¶¶ 5, 6.) Consequently, despite its numerous attempts, Plaintiffs have been unable to serve Defendant or any of its officers.

### b. Defendant's Agent Could Not Be Served At The Location It Listed With The Secretary Of State.

Defendant has designated Liu in its filings with the Secretary of State as its designated agent. Defendant, lists 2315 26th Avenue address with the California Secretary of State for its designated agent Liu, as well as all of its corporate officers. (Chu Decl., ¶¶ 2-5 and Exs. A, B.) In addition to being Defendant's designated agent, Liu is also listed as the Chief Financial Officer and Secretary of Defendant. (Chu Decl., ¶ 5, Ex. B.)

As discussed above, on June 24, 2008 Plaintiffs sent Smith to serve Defendant and its designated agent, Liu, at the 2315 26th Avenue address. (Smith Decl. ¶ 4.) Smith found that the 2315 26th Avenue address was a residence owned by Liu, but that Liu did not reside at the property. (Smith Decl., ¶ 5.) Smith also found that neither Defendant nor Liu conducted business at the 2315 26th Avenue. (Smith Decl., ¶ 5.)

Consequently, Plaintiffs were unable to serve Defendant or its designated agent at the address Defendant listed with the Secretary of State for its designated agent (2315 26th Avenue address).

c. **Service on Corporations by Delivery of the Summons and Complaint to the California Secretary of State is Proper Under The Federal Rules of Civil Procedure and California State Law Where The Corporation's Designated Agent Cannot With Reasonable Diligence Be Found At The Address Designated For Service.**

Federal Rules of Civil Procedure Rule ("FRCP") 4(h)(1)(A) provides that "a corporation may be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual." FRCP 4(e)(1) states that an individual, and thus the defendant corporation, "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

The controlling state law for serving a summons on Corporations, California Civil Procedure Code §416.10(d) provides that service upon a California corporation may be satisfied by delivering a copy of the summons and complaint as provided by Section 1702 of the California Corporations Code. (A copy of Cal. Civ. Pro. §416.10(d) is attached as Exhibit I to the Chu Decl.) California Corporations Code §1702(a), in turn, states:

> [I]f the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand . . . the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

(A copy of Cal. Corp. Code §1702 is attached as Exhibit J to the Chu Decl.)

California Corporations Code §1702(d) also provides that the "court order" pursuant to §1702(a) "may be a court order of a court of another state, **or of any federal court** if the suit, action, or proceeding has been filed in that court." Cal. Corp. Code §1702(d) (emphasis added).

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State    - 6 -
Case No. CV-08-2832-JF

CHRISTIE, PARKER & HALE, LLP

1          **i.  Defendant's Agent Designated Cannot with Reasonable**

2          **Diligence Be Found At The Address Designated For**

3          **Personally Delivering The Process.**

4      California Corporations Code §1502(b) requires California corporations "designate, as

5  the agent of the corporation for the purpose of service of process, a natural person residing in

6  this state. ... If a natural person is designated, the statement shall set forth that person's

7  complete business or residence street address." Furthermore, the corporation has a duty to file

8  with the Secretary of State an annual information statement, including information of the agent

9  designated for the purpose of service of process and his address." Cal. Corp. §1502(b) (a copy

10  is attached as Exhibit K to the Chu Decl.)

11      In its corporate filings with the California Secretary of State, Defendant lists the 2315

12  26th Avenue address as the address for its designated agent, Liu, for the purpose of service of

13  process on Defendant. (Chu Decl., ¶¶ 2-3, Ex. A.) A professional process server attempted to

14  serve the designated agent personally at the 2315 26th Avenue address on June 24, 2008.

15  (Smith Decl. ¶ 2, 4.) However, the process server found that the 2315 26th Avenue address was

16  a residential address and that the designated agent did not reside at, nor conduct business at, the

17  address Defendant listed with the California Secretary of State. (Smith Dec., ¶ 5.)

18      Pursuant to Cal. Corp. §1502(b), Defendant is required to designate an agent for the

19  purpose of service of process, and provide an address at which to locate the designated agent. It

20  is unclear whether Defendant provided an inaccurate address or whether Defendant has since

21  moved the location of its designated agent without properly updating the address with the

22  California Secretary of State as is required by statute. However, Plaintiffs exercised reasonable

23  diligence, in attempting service of Defendant's designated agent at the address Defendant

24  provided to the Secretary of State.

25          **ii.  Despite Plaintiffs' Reasonable Diligence, Service of Process On**

26          **Defendant's Designated Agent Could Not Be Effected By Hand.**

27      When Plaintiffs were unable to serve Defendant's designated agent at the address

28  Defendant provided to the Secretary of State, Plaintiffs took further steps to serve Defendant.

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State   - 7 -
Case No. CV-08-2832-JF

1    Plaintiffs found that Defendant appears to currently conduct business at the 351

2    Embarcadero address. (Chu Decl. ¶ 8, Ex. C.) Defendant lists the 351 Embarcadero address on

3    its website (available at www.onlinenic.com/support) as its mailing address. *Id*. On June 27,

4    2008 Plaintiffs had Smith attempt to serve Defendant via Liu at the 351 Embarcadero address.

5    (Smith Decl., ¶ 6.) Upon arriving at 351 Embarcadero, Smith was told Liu was not present, but

6    the employee Smith spoke with suggested that Liu was his superior. (Smith Decl., ¶ 7.) Smith

7    was then told that Defendant did not conduct business at 351 Embarcadero. *Id*. Smith left a

8    copy the Complaint, Summons and related court documents for Liu. *Id*.

9    After attempting to serve Defendant at the 351 Embarcadero address, Plaintiffs further

10   investigated and found that Defendant listed the 3435 Wilshire Boulevard address with the

11   Secretary of State as its principal executive office. (Chu Decl., ¶¶ 5, 6, Ex. B.) However, when

12   Plaintiffs investigated this address they found that that, despite Defendant's listing of this

13   address, the operator of the commercial building at 3435 Wilshire Boulevard has no record of

14   Defendant, and there is no indication that Defendant has, or had, an office at that address. (Chu

15   Decl., ¶ 6.)

16   Plaintiffs also attempted to effect service of Defendant by leaving a copy of the

17   summons and complaint during usual business hours at Defendant's office. Under the

18   California Code of Civil Procedure "[i]n lieu of personal delivery of a copy of the summons

19   and complaint to the person to be served as specified in Section 416.10, ... a summons may be

20   served by leaving a copy of the summons and complaint during usual office hours in his or her

21   office." Cal. Code of Civ. Pro. § 415.20(a) (a copy is attached to the Chu Decl. as Exhibit L.)

22   However, Plaintiffs were unable to have the summons and complaint left at either of the official

23   addresses listed with the California Secretary of State, the 2315 26th Avenue or the 3435

24   Wilshire Boulevard address, since Defendant did not have an office at either location. Thus,

25   Plaintiffs could not effectuate proper service under CCP § 415.20(a).

26   Plaintiffs then attempted service by mailing, pursuant to Federal Rules of Civil

27   Procedure Rule 4(d)(1)(A)(ii) and Section 415.30(a) of the California Code of Civil Procedure

28   which states that "[a] copy of the summons and of the complaint shall be mailed . . . to the

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State    - 8 -
Case No. CV-08-2832-JF

person to be served, together with two copies of the notice and acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Code of Civ. Pro. § 415.30 (a copy is attached to the Chu Decl as Exhibit M). However, "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Cal. Code of Civ. Pro. § 415.30(c) (a copy is attached to the Chu Decl as Exhibit M).

A service waiver request was mailed to the address Defendant listed with the California Secretary of State, 2315 26th Avenue address, as well as the additional address Plaintiffs located for Defendant, 351 Embarcadero, both via United States Postal Service Express Mail. (Chu Dec., ¶ 10, Ex. F.) The mailing to Defendant's listed address, 2315 26th Avenue address, was accepted and signed for by a Carrie Thorsd, an individual not identified in any of Defendant's corporate documents. (Chu Dec., ¶ 11, Ex. G.)

The mailing to the additional address Plaintiffs located for Defendant, 351 Embarcadero, was accepted and signed for by "Rex Liu." (Chu Dec., ¶ 11, Ex. H.) However, that the address was not a designated address under California Corporations Code §1702(a), and the professional process server did not find any indication that Defendant's corporation or business was located at this address. Consequently, Plaintiffs are unsure as to the validity of this service as well.[2]

Despite that its Chief Financial Officer and Secretary appears to have received the service waiver request Plaintiffs sent, Defendant has not executed and returned the written acknowledgement of receipt of the summons. (Chu Dec., ¶ 11, Ex. G.)

---

[2] Plaintiffs cannot be certain that personal service on Liu, as the Chief Financial Officer of Defendant, was successful because they have been unable to confirm whether Liu maintains an office at the 351 Embarcadero address. Therefore, in an abundance of caution, and to leave no doubt that service of Defendant is proper, Plaintiffs request service be authorized on the California Secretary of State.

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State    - 9 -
Case No. CV-08-2832-JF

1   Plaintiffs have used more than reasonable diligence to locate and serve Defendant,

2   Defendant's designated agent, Liu, and its corporate officers but have been unable to do so.

3           **iii.   Because Plaintiffs Have Exercised Reasonable Diligence Service By**

4                       **Delivery To The Secretary Of State Should Be Ordered.**

5   Where a corporation cannot be served with reasonable diligence "the court may make

6   an order that the service be made upon the corporation by delivering by hand to the Secretary

7   of State..." Cal. Corp. Code §1702(a). Further, the Code specifically provides that the order

8   "may be a court order of a court of another state, **or of any federal court** if the suit, action, or

9   proceeding has been filed in that court." Cal. Corp. Code §1702(d) (emphasis added).

10   Plaintiffs have diligently tried to locate and serve Defendant with the summons and

11   complaint in this case. Plaintiffs attempted to locate Defendant and its designated agent at two

12   addresses listed with the Secretary of State as well as a third address that appears to be where

13   Defendant is currently conducting business. In light of Plaintiffs' attempts to effect service on

14   Defendant, Plaintiffs believe their diligence has been more than reasonable. Plaintiffs request

15   this Court order that service be made upon the defendant corporation by hand delivery of the

16   process to the California Secretary of State pursuant to Cal. Corp. Code §1702.

17   **VI.   <u>CONCLUSION</u>**

18   For the reasons set forth herein, since Plaintiffs have exercised more than reasonable

19   diligence in attempting to locate and serve Defendant and Defendant's designated agent,

20   Plaintiffs respectfully request that the Court order hand delivery of the summons and complaint

21   to the California Secretary of State to satisfy service upon Defendant.

22                      CHRISTIE, PARKER & HALE, LLP

23

24   DATED: September 3, 2008     By   /s/ David J. Steele
                             David J. Steele

25                                Howard A. Kroll

26                                Attorneys for Plaintiffs
                             VERIZON CALIFORNIA INC.

27                                VERIZON TRADEMARK SERVICES LLC
                             VERIZON LICENSING COMPANY

LLB IRV1115078.5-*-09/3/08 1:02 PM

28

Pltfs' Ex Parte App. for Order Auth. Service
on Def. by Delivery to Calif. Sec. of State     - 10 -
Case No. CV-08-2832-JF

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2008, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER AUTHORIZING SERVICE OF DEFENDANT ONLINENIC INC. BY DELIVERY OF THE SUMMONS AND COMPLAINT TO THE CALIFORNIA SECRETARY OF STATE** was served on the party(ies) in this action via facsimile, electronic mail, and first-class mail, postage prepaid, certified, return receipt, addressed as follows:

Rex W. Liu                         Rex W. Liu
ONLINENIC INC.             ONLINENIC INC.
2315 26th Avenue           351 Embarcadero E.
San Francisco, CA  94116   Oakland, CA  94606

Fax:  1-510-769-8487
Email: cs-us@OnlineNIC.com

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on September 3, 2008 at Newport Beach, California.

_/s/ Linda L. Bolter_

1   **DAVID J. STEELE, CA Bar No. 209797**
    **Email:  david.steele@cph.com**
2   **CHRISTIE, PARKER & HALE, LLP**
    **3501 Jamboree Road, Suite 6000-North Tower**
3   **Newport Beach, CA  92660**
    **Telephone: (949) 476-0757**
4   **Facsimile:  (949) 476-8640**

5   **HOWARD A. KROLL, CA Bar No. 100981**
    **Email:  howard.kroll@cph.com**
6   **CHRISTIE, PARKER & HALE, LLP**
    **350 W. Colorado Boulevard, Suite 500**
7   **Pasadena, CA  91105**
    **Telephone: (626) 795-9900**
8   **Facsimile:  (626) 577-8800**

9   **SARAH B. DEUTSCH (Admitted *pro hac vice*)**
    **Email:  sarah.b.deutsch@verizon.com**
10  **VERIZON CORPORATE SERVICES CORP.**
    **1515 North Court House Road, Suite 500**
11  **Arlington, VA  22201**
    **Telephone: (703) 351-3044**
12  **Facsimile:  (703) 351-3670**

13  Attorneys for Plaintiffs
    VERIZON CALIFORNIA INC.
14  VERIZON TRADEMARK SERVICES LLC
    VERIZON LICENSING COMPANY
15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                   SAN JOSE DIVISION

19  VERIZON CALIFORNIA INC.; VERIZON      Case No. CV-08-2832-JF
    TRADEMARK SERVICES LLC; and
20  VERIZON LICENSING COMPANY,            **[PROPOSED] ORDER GRANTING**
                                          **PLAINTIFFS' EX PARTE**
21                  Plaintiffs,           **APPLICATION FOR SATISFYING**
                                          **SERVICE OF SUMMONS AND**
22          vs.                           **COMPLAINT ON DEFENDANT**
                                          **ONLINENIC INC. BY DELIVERY TO**
23  ONLINENIC INC.; and DOES 1-10,        **THE CALIFORNIA SECRETARY OF**
                                          **STATE**
24                  Defendants.

25
                                          **Hon. Jeremy Fogel**
26

27

28

[Proposed] Order for Pltfs' Ex Parte App. to
Satisfy Serv. by Del to Calif. Sec. of State    -1-
Case No. CV-08-2832-JF

CHRISTIE, PARKER & HALE, LLP

1    WHEREAS Plaintiffs VERIZON CALIFORNIA INC., VERIZON TRADEMARK

2    SERVICES LLC, AND VERIZON LICENSING COMPANY (collectively "Plaintiffs"), have

3    attempted to effectuate service of process on ONLINENIC INC. ("Defendant") and its

4    designated agent on multiple occasions and at multiple addresses;

5    WHEREAS the California Corporations Code §1702(a) allows, by court order, service

6    be made upon a corporation by delivering the process by hand to the Secretary of State if the

7    designated agent cannot with reasonable diligence be found at the address designated for

8    personally delivering the process;

9    WHEREAS California Corporations Code §1702(d) expressly provides that the court

10   order pursuant to §1702(a) may be made by a federal court if the suit, action, or proceeding has

11   been filed in that court;

12   WHEREAS this Court finds Plaintiffs have been reasonably diligent it their attempts to

13   serve Defendant;

14   IT IS HEREBY ORDERED THAT

15   Plaintiffs' *Ex Parte* Application for Satisfying Service of Summons and Complaint on

16   Defendant OnlineNIC Inc. by delivery to the California Secretary of State is GRANTED; and

17   Plaintiffs' may serve the process on Defendant OnlineNIC Inc. by delivering by hand to

18   the Secretary of State one copy of the process, together with a copy of this Order authorizing

19   such service.

20

21   **IT IS SO ORDERED.**

22

23   DATED:_____        _____

24                                         Jeremy Fogel
                                           United States District Judge

25

26

27   LLB IRV1115079.2-*-09/3/08 1:14 PM

28

[Proposed] Order for Pltfs' Ex Parte App. to
Satisfy Serv. by Del to Calif. Sec. of State    -2-
Case No. CV-08-2832-JF

CHRISTIE, PARKER & HALE, LLP

1

2

**CERTIFICATE OF SERVICE**

3

4        I certify that on September 3, 2008, pursuant to Federal Rules of Civil

5    Procedure, a true and correct copy of the foregoing document described as

6    **[PROPOSED] ORDER GRANTING PLAINTIFFS'** *EX PARTE*

7    **APPLICATION FOR SATISFYING SERVICE OF SUMMONS AND**

8    **COMPLAINT ON DEFENDANT ONLINENIC INC. BY DELIVERY TO**

9    **THE CALIFORNIA SECRETARY OF STATE** was served on the party(ies) in

10   this action via facsimile, electronic mail, and first-class mail, postage prepaid,

11   certified, return receipt, addressed as follows:

12

13        Rex W. Liu                              Rex W. Liu
         ONLINENIC INC.                           ONLINENIC INC.
14        2315 26th Avenue                         351 Embarcadero E.
         San Francisco, CA  94116                 Oakland, CA  94606

15                                                 Fax:  1-510-769-8487
16                                                 Email: cs-us@OnlineNIC.com

17

18        I declare that I am employed by a member of the bar of this Court, at

19   whose direction this service was made.

20        Executed on September 3, 2008 at Newport Beach, California.

21

22                                          ___/s/ Linda L. Bolter_____

23

24

25

26

27

28