**E-Filed 9/16/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC., et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>ONLINENIC INC., et al.,<br><br>                Defendants. | Case Number C 08-2832 JF (RS)<br><br>ORDER[1] DENYING WITHOUT PREJUDICE PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER AUTHORIZING SERVICE ON DEFENDANT ONLINENIC INC. BY DELIVERY OF THE SUMMONS AND COMPLAINT TO THE CALIFORNIA SECRETARY OF STATE<br><br>[re: doc. no. 12] |

      Plaintiffs Verizon California Inc., Verizon Trademark Services LLC, and Verizon Licensing Company (collectively, "Plaintiffs") have filed an *ex parte* application for an order authorizing service of Defendant OnlineNIC Inc. ("OnlineNIC") by hand delivery of the summons and complaint to the California Secretary of State. For the reasons discussed below, Plaintiffs' application will be denied without prejudice.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-2832 JF (RS)
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' EX PARTE APPLICATION ETC.
(JFLC1)

## I.  FACTS

Defendant is an active California corporation.  According to records maintained with the California Secretary of State, Defendant's principal business office is located at 2315 26th Avenue, San Francisco, California (the "San Francisco" address).  The San Francisco address also is listed as the address for Defendant's designated agent, Rex W. Liu, and its CEO, Kevin Gong.  Mr. Liu apparently also serves as Defendant's CFO and Secretary.

On June 24, 2008, Plaintiffs' professional process server tried to serve Defendant at the San Francisco address.  The process server found that this address actually was that of a residence owned by Mr. Liu that currently is occupied by a tenant.  The tenant informed the process server that neither Defendant nor Mr. Liu reside at the San Francisco address or conduct business at that property.

Plaintiffs then found another possible business address, 351 Embarcadero E., Oakland, California (the "Oakland" address), which is listed as a mailing address on Defendant's website. On June 27, 2008, Plaintiffs' process server attempted to serve Defendant and Mr. Liu at the Oakland address.  This time, the process server found a warehouse containing two businesses, neither of which appeared to be OnlineNIC.  However, the process server spoke to an employee who refused to give his name but nonetheless indicated that Mr. Liu was his superior and did maintain an office at this address.  This employee also told the process server that Defendant did not conduct business at the Oakland address.  The employee allowed the process server to leave the summons and complaint in Mr. Liu's office.

Subsequently, Plaintiffs discovered that Defendant's principal executive office, as listed with the California Secretary of State, is located at 3425 Wilshire Boulevard, Los Angeles,

2

California (the "Los Angeles" address). Plaintiffs contacted the front desk at the building located at the Los Angeles address and were told that Defendant conducts no business at this location.

Finally, on July 16, 2008, Plaintiffs attempted service by mail, sending the summons, complaint, waiver of service, pre-paid return envelopes, and related court documents to Mr. Liu and Defendant at both the Oakland and the San Francisco address. The signature sheet for the Oakland package showed that it was signed for by "Rex Liu," but the waiver of service was not returned.

## II.  DISCUSSION

When a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent or any other person authorized to receive service, Fed. R. Civ. P. 4(e)(1) and California Corporations Code § 1702(a) permit an application for a court order that service be made by hand delivery of the summons and complaint to the California Secretary of State. *See* California Corp. Code § 1702(a) (court order appropriate if "it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand").

Here, Plaintiffs attempted to serve Defendant and its designated agent by hand twice – once at the San Francisco address and once at the Oakland address. Reasonable diligence requires at least several attempts at hand service at the Oakland address because Mr. Liu apparently does conduct business at the Oakland address.

In addition, prior to seeking an order for service upon the Secretary of State, a plaintiff must demonstrate that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Viewtech, Inc. v. Skytech USA, Inc.*, No. 07-CV-541-L, 2007 WL 1429903, at *1 (C.D. Cal. May 14, 2007) (quoting *Batte v. Bandy*, 165 Cal. App. 2d 527,

3

535 (1958)).  For example, California Code of Civil Procedure § 416.10(b) provides that service upon a corporation also may be made by delivering a copy of the summons and complaint "[t]o the president, chief executive officer, or other head of the corporation …"  In both *Batte* and *Viewtech*, the court rejected applications for service upon the Secretary of State because the plaintiffs had not made reasonably diligent attempts to locate and serve a corporate officer.  In the present case, Plaintiffs did not attempt to serve Defendant's CEO, Kevin Gong.  Plaintiffs should investigate the whereabouts of Mr. Gong to determine if service can be made upon him.

### III.  ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' *ex parte* application for an order authorizing service on Defendant OnlineNIC is DENIED without prejudice.

DATED: September 16, 2008

_____
JEREMY FOGEL
United States District Court

This Order has been served upon the following persons:

David Jefferson Steele djslit@cph.com

Howard Alan Kroll howard.kroll@cph.com

Sarah B. Deutsch
Verizon Corporation Services Corp.
1515 North Court House Road
Suite 500
Arlington, VA 22201