**E-Filed 11/7/2008**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC., et al.,<br><br>                    Plaintiffs,<br><br>      v.<br><br>ONLINENIC INC., et al.,<br><br>                 Defendants. | Case Number C 08-2832 JF (RS)<br><br>ORDER[1] GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER AUTHORIZING SERVICE ON DEFENDANT ONLINENIC INC. BY DELIVERY OF THE SUMMONS AND COMPLAINT TO THE CALIFORNIA SECRETARY OF STATE<br><br>[re:  doc. no. 19] |

Plaintiffs Verizon California Inc., Verizon Trademark Services LLC, and Verizon Licensing Company (collectively, "Plaintiffs") previously filed an *ex parte* application for an order authorizing service of Defendant OnlineNIC Inc. ("OnlineNIC") by hand delivery of the summons and complaint to the California Secretary of State.  On September 16, 2008, this Court denied the motion without prejudice, on the ground that additional attempts should be made to serve Defendant.  Plaintiffs have filed a second *ex parte* application for an order authorizing

---

[1] This disposition is not designated for publication in the official reports.

1  service upon the California Secretary of State.  For the reasons discussed below, Plaintiffs'

2  second application will be granted.

3  **I. FACTS**

4      Defendant is an active California corporation.  According to records maintained with the

5  California Secretary of State, Defendant's principal business office is located at 2315 26th

6  Avenue, San Francisco, California (the "San Francisco" address).  The San Francisco address

7  also is listed as the address for Defendant's designated agent, Rex W. Liu, and its CEO, Kevin

8  Gong.  Mr. Liu apparently also serves as Defendant's CFO and Secretary.

9      On June 24, 2008, Plaintiffs' professional process server tried to serve Defendant at the

10  San Francisco address.  The process server found that this address actually was that of a

11  residence owned by Mr. Liu that currently is occupied by a tenant.  The tenant informed the

12  process server that neither Defendant nor Mr. Liu reside at the San Francisco address or conduct

13  business at that property.

14      Plaintiffs then found another possible business address, 351 Embarcadero E., Oakland,

15  California (the "Oakland" address), which is listed as a mailing address on Defendant's website.

16  On June 27, 2008, Plaintiffs' process server attempted to serve Defendant and Mr. Liu at the

17  Oakland address.  This time, the process server found a warehouse containing two businesses,

18  neither of which appeared to be OnlineNIC.  However, the process server spoke to an employee

19  who refused to give his name but nonetheless indicated that Mr. Liu was his superior and did

20  maintain an office at this address.  This employee also told the process server that Defendant did

21  not conduct business at the Oakland address.  The employee allowed the process server to leave

22  the summons and complaint in Mr. Liu's office.

23      Subsequently, Plaintiffs discovered that Defendant's principal executive office, as listed

24  with the California Secretary of State, is located at 3425 Wilshire Boulevard, Los Angeles,

25  California (the "Los Angeles" address).  Plaintiffs contacted the front desk at the building located

26  at the Los Angeles address and were told that Defendant conducts no business at this location.

27      Finally, on July 16, 2008, Plaintiffs attempted service by mail, sending the summons,

28  complaint, waiver of service, pre-paid return envelopes, and related court documents to Mr. Liu

2

1  and Defendant at both the Oakland and the San Francisco address.  The signature sheet for the

2  Oakland package showed that it was signed for by "Rex Liu," but the waiver of service was not

3  returned.

4      After the aforementioned attempts at personal service, Plaintiffs submitted their first *ex*

5  *parte* application for an order authorizing service upon the California Secretary of State.  After

6  the Court denied the application, Plaintiffs again attempted to serve Mr. Liu by performing the

7  following:

8      1.  On September 17, 2008, a professional process server attempted to serve Mr. Liu

9      personally at the Oakland address, and was told by an employee that although Mr.

10      Liu was the owner of the 1-800 Radiator franchise apparently operating at that

11      location, Mr. Liu was not there and rarely was present at that location.  Later that

12      same day, the process server returned to the Oakland address, and was informed

13      by a different employee that Liu was not there and rarely was at that location.

14      2.  On September 24, 2008, the professional process server returned to the Oakland

15      address and again tried to serve Mr. Liu, and was told that Liu was not there and

16      that he rarely visits that location.

17      After the aforementioned attempts to serve Mr. Liu, Plaintiffs then attempted to serve Mr.

18  Gong, Defendant's CEO, through the following actions:

19      1.  To ascertain the location of Mr. Gong, Plaintiffs consulted the Lexis research

20      service.  The Lexis representative informed Plaintiffs that there were nineteen

21      addresses and/or persons listed under the name "Kevin Gong" throughout

22      California.  The Lexis representative additionally researched "Shaohui Gong,"

23      who in certain documents is listed as the President of OnlineNIC, but found no

24      listings for a person of this name.  Plaintiffs also performed searches on

25      www.intelius.com, www.zabasearch.com, and www.peoplefinder.com, and such

26      searches yielded similar results.

27      2.  Plaintiffs narrowed the above search results to the general area surrounding San

28      Francisco, California.  The addresses found for a Kevin Gong in San Francisco

were located at 2226 Noriega Street, San Francisco, CA 94122 and at 629 Jackson Street, Apartment 3, San Francisco, CA 94133.

3.    On September 26, 2008, a process server attempted to serve Mr. Gong at 629 Jackson Street, Apt. 3 but due to the building's security, the process server could not gain access to the building.  In addition, the building's directory did not list anyone with the last name of Gong in Apartment 3 or otherwise.

4.    On September 26, 2008, a process server attempted personal service upon the individual listed at 2226 Noriega Street but there was no one present at the address.  The next day, service was attempted again, and once more no one was present at the address.  The process server did speak with neighbors who confirmed that a Mr. and Mrs. Kevin Gong lived at that address, but they had no knowledge of any affiliation of that Kevin Gong with OnlineNIC, Inc.  Finally, on October 6, 2008, the process server again went to 2226 Noriega Street in San Francisco where a man identifying himself as Kevin Gong was present, but he stated that he had no affiliation with Defendant.

## II. DISCUSSION

When a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent or any other person authorized to receive service, Fed. R. Civ. P. 4(e)(1) and Cal. Corp. Code § 1702(a) permit an application for a court order that service be made by hand delivery of the summons and complaint to the California Secretary of State.  *See* Cal. Corp. Code § 1702(a) (court order appropriate if "it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand").  *See also Viewtech, Inc. v. Skytech USA, Inc.*, No. 07-CV-541-L, 2007 WL 1429903, at *1 (C.D. Cal. May 14, 2007) (prior to seeking an order for service upon the Secretary of State, a plaintiff must demonstrate that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law.") (quoting *Batte v. Bandy*, 165 Cal. App. 2d 527, 535 (1958)).

Case No. C 08-2832 JF (RS)
ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION ETC.
(JFLC1)

1    In the instant case, Plaintiffs were diligent in their attempts to serve Defendant.  Multiple

2  attempts were made to locate and serve Defendant's agent for process and two corporate officers.

3  Moreover, it appears that Defendant has failed to update its registration records with the

4  California Secretary of State.  Accordingly, the Court concludes that service upon Defendant may

5  be made through service upon the California Secretary of State.

6                                              **III.  ORDER**

7    Accordingly, IT IS HEREBY ORDERED that Plaintiffs' *ex parte* application for an order

8  authorizing service on Defendant OnlineNIC is GRANTED.  Pursuant to Cal. Corp. Code §

9  1702(d), Plaintiffs are authorized to serve Defendant by delivery of the summons and complaint

10  to the California Secretary of State, consistent with the provisions set forth in Cal. Corp. Code §

11  1702(a).

12

13  DATED: November 7, 2008

14                                              _____

15                                              JEREMY FOGEL
                                                United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                5

1    This Order has been served upon the following persons:

2    David Jefferson Steele djslit@cph.com

3    Howard Alan Kroll howard.kroll@cph.com

4    Sarah B. Deutsch
     Verizon Corporation Services Corp.
5    1515 North Court House Road
     Suite 500
6    Arlington, VA 22201

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6