1

2                                                    **E-Filed 12/19/2008**

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN JOSE DIVISION**

11   VERIZON CALIFORNIA INC., et al.,          Case Number C 08-2832 JF (RS)

12                      Plaintiffs,            ORDER[1] GRANTING APPLICATION
                                              FOR DEFAULT JUDGMENT
13              v.
                                              [re:  doc. no. 30]
14   ONLINENIC INC., et al.,

15                      Defendants.

16

17

18        Plaintiffs Verizon California Inc., Verizon Trademark Services LLC, and Verizon

19   Licensing Company (collectively, "Verizon ") seek default judgment against Defendants

20   OnlineNIC Inc.  Verizon's application is unopposed.  On December 19, 2008, the Court heard

21   oral argument with respect to the application.  For the reasons set forth below, the Court will

22   enter default judgment and (1) award Verizon $33.15 million in damages; (2) order the transfer

23   of offending domain names to Verizon; and (3) permanently enjoin Defendant or any of its

24   related persons or affiliates from registering or utilizing any domain names that are identical or

25   confusingly similar to any Verizon trademarks.

26

27

28        ─────────────────────
             [1] This disposition is not designated for publication in the official reports.

     Case No. C 08-2832 JF (RS)
     ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT
     (JFLC1)

# I. BACKGROUND

Verizon and its various affiliates are owners or licensees of multiple trade names and trademarks, including but not limited to VERIZON, VERIZON WIRELESS, FIOS, VERIZON FIOS , VZ, VZACCESS, VZEMAIL, VZGLOBAL, VZVOICE, and VZW (collectively, the "Verizon Marks").  On June 6, 2008, Verizon filed a complaint against Defendant for violations of the Anticybersquatting Consumer Protection Act ("ACPA"), trademark infringement and dilution, false designation of origin, and unfair competition.  The complaint alleges that Defendant is a prolific cybersquatter, registering hundreds of thousands of domain names that are confusingly similar to famous trademarks and service marks.  A cybersquatter receives advertising revenue when internet users accidently mistype a URL and visit the cybersquatter's website rather than the intended website.

Verizon alleges that Defendant has registered at least 663 domain names that are identical or confusingly similar to the Verizon Marks.  Defendant appears to utilize an automated program to generate thousands domain names that are similar to the proper domain names of multiple well-known companies.  Examples of Defendant's domain names include the following:

| | |
|---|---|
| accountverizonwireless.com | verizon-cell-phones.com |
| bestverizon.net | verizonboards.com |
| broadbandverizon.com | verizon-cellular.com |
| buyverizon.net | verizoncellularphone.com |
| fios-verizon.com | verizonfiosbroadband.com |
| iphoneverizonplans.com | verizonfiosinfo.com |
| itunesverizon.com | verizonfiosonline.com |
| mobileverizon.net | verizonfiosservice.com |
| myaccountatverizionwireless.com | verizonflios.com |
| myprepaidverizon.com | verizonifos.com |
| myverizionwireless.com | vzwactivate.com |
| myverizononline.net | vzwblackberry.net |
| outletverizon.com | verizonextranet.com |

Despite repeated attempts to locate Defendant's agent for service of process and corporate officers, Verizon was unable to serve Defendant by personal service.  On November 7, 2008, the Court granted Verizon's second *ex parte* application for an order authorizing service on Defendant by delivery of the summons and complaint to the California Secretary of State.  On December 11, 2008, Verizon filed a motion for entry of default, and the clerk of the Court entered default on December 12, 2008.

2

## II.  DISCUSSION

Upon default, the well-pleaded allegations in a complaint are considered to be true and sufficient to establish a defendant's liability.  *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000).  However, this rule does not apply to allegations in the complaint with respect to damages.  *Backman*, 102 F. Supp. 2d at 1197.

### A.  Statutory Damages under the ACPA

The ACPA was passed by Congress in 1999 as an amendment to the Lanham Act and targets cybersquatting, which occurs when an individual other than the trademark owner registers a domain name similar or identical to the trademark, and "then attempts to profit from this by either ransoming the domain name back to the trademark holder or by using the domain name to divert business from the trademark holder to the domain name holder."  *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. 2005) (quoting *DaimlerChrysler v. The Net Inc*., 388 F.3d 201, 204 (6th Cir.2004)).  A violation of the ACPA occurs when a domain name registrant (1) registers, uses, or traffics in a domain name that (2) is identical or confusingly similar to a distinctive or famous trademark, with (3) bad faith intent to profit from the trademark.  *See* 15 U.S.C. § 1125(d).

In the instant case, Defendant's actions with respect to Verizon's trademarks undoubtedly violated the ACPA.  Defendant has registered hundreds of domain names that are designed to attract web users seeking to access Verizon's legitimate websites.  Moreover, Defendant has refused to alter its behavior, and its bad faith is further evidenced by its machinations to avoid detection through the use of fictitious business entities, shell corporations, and kiting of its domain names.  Taking the allegations of the complaint as true, the Court finds that Defendant committed 663 violations of 15 U.S.C. § 1125(d), one violation for each domain name.

A court may award statutory damages from $1,000 to $100,000 for each domain name found to violate the provisions of 15 U.S.C. 1125(d)(1).  *See* 15 U.S.C. § 1117(d).  Verizon argues that the maximum award for each violation is appropriate under the present circumstances due to Defendant's blatant misconduct.  While the Court agrees that Defendant's misconduct was

1  willful and encompasses behavior that the ACPA is designed to prevent, it is hesitant to apply the

2  maximum penalty in a default setting.  Accordingly, the Court concludes that an award of

3  $50,000 for each of the 663 violations alleged in the complaint is appropriate, for a total of

4  $33.15 million.  *See Shields v. Zuccarini*, 254 F.3d 476, 487 (3d Cir. 2001) (awarding $10,000

5  for each domain name).

6       B.  Transfer of Offending Domain Names

7       The ACPA authorizes transfer of offending domain names to the mark owner:  "[i]n any

8  civil action involving the registration, trafficking, or use of a domain name under this paragraph,

9  a court may order . . . the transfer of the domain name to the owner of the mark." 15 U.S.C. §

10  1125(d)(1)(C).  In the instant case, Defendant has violated the ACPA by registering and using

11  over 663 domain names that are identical or confusingly similar to the Verizon Marks.

12  Accordingly, Verizon is entitled to transfer and ownership of all offending domain names that are

13  confusingly similar to the Verizon Marks.  *See Johnson v. Connolly*, C 06-6414, 2007 WL

14  1151004, at *3 (N.D. Cal. Apr. 18, 2007).

15       C.  Injunctive Relief

16       Injunctive relief is authorized under 15 U.S.C. §1116(a) to prevent violations under the

17  ACPA.  Moreover, "[i]njunctive relief is the remedy of choice for trademark and unfair

18  competition cases, since there is no adequate remedy at law for the injury caused by defendant's

19  continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175 (9th Cir.

20  1988).  Here, considering Defendant's ongoing and egregious violations of the ACPA, the Court

21  concludes that permanent injunctive relief is appropriate with respect to any domain name that is

22  identical or confusingly similar to the Verizon Marks.  *See Shields*, 254 F.3d at 486.

23              **III.  ORDER**

24       Accordingly, IT IS HEREBY ORDERED that Verizon's motion for default judgment is

25  GRANTED and Verizon is awarded $33.15 million in damages.  It is FURTHER ORDERED

26  that:

27       **A.**  Defendant and its officers, directors, employees, representatives, agents,

28  successors-in-interest, parent corporations, subsidiary corporations, affiliated companies, and all

4

1   other persons, firms or entities acting in concert or participating with them, directly or indirectly,

2   to relinquish all rights, title, and interest, in all domain names which are confusingly similar to

3   the Verizon Marks and which are under their control, and to transfer all domain names to

4   Verizon.  To facilitate this transfer, it is further ordered that registry of those domain names

5   change the registrar of record to a registrar of Plaintiffs' choosing.  It is further ordered that the

6   new registrar of record change the registrant to Plaintiffs or their authorized representative.

7   **B.**  Defendant and its officers, directors, employees, representatives, agents,

8   successors-in-interest, parent corporations, subsidiary corporations, affiliated companies, and all

9   other persons, firms or entities acting in concert or participating with them, directly or indirectly,

10   are hereby permanently enjoined, directly or indirectly, from:

11   **1.**  Registering, trafficking in or using any domain name that is identical or

12   confusingly similar to the Verizon Marks; and

13   **2.**  Assisting, aiding or abetting any other person or business entity in engaging in

14   or performing any of the activities referred to in paragraph 1 above.

15

16   IT IS SO ORDERED.

17

18   DATED: December 19, 2008

19

20   _____
     JEREMY FOGEL
     United States District Judge

21

22

23

24

25

26

27

28

5

1 | This Order has been served upon the following persons:

2 | David Jefferson Steele     david.steele@cph.com

3 | Howard Alan Kroll     howard.kroll@cph.com
   | Sarah B. Deutsch     sarah.b.deutsch@verizon.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6