Perry J. Narancic, SBN 206820
Narancic & Katzman, PC
325 Sharon Park Drive, #736
Menlo Park, CA 94025
www.nk-pc.com
pnarancic@nk-pc.com
Tel:   650-814-7688
Fax:  650-618-2700

Attorneys for Defendant
ONLINENIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERIZON CALIFORNA, INC.; VERIZON TRADEMARK SERVICES LLC; And VERIZON LICENSING COMPANY, <br><br> plaintiffs, <br><br> v. <br><br> ONLINENIC, INC; and DOES 1-10, <br><br> Defendants. | Case No.:08-02832 <br><br> **MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF** |

## I.  INTRODUCTION

1. This motion relates to setting aside a default judgment entered against defendant OnlineNIC on Dec. 19, 2008 (the "Default"), and to stay plaintiffs' application for appointment of a receiver to execute on the Default until the set aside motion can be heard.

## II.  STATEMENT OF FACTS

2. On June 6, 2008, plaintiffs filed the complaint in this case. On November 18, 2008, substituted service on defendant OnlineNIC was made by serving the California Secretary of State.

VERIZON V. ONLINENIC – CASE NO. 08-02832
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S
MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF

PAGE 1 OF 9

NARANCIC & KATZMAN, PC
325 SHARON PARK DRIVE, #736
MENLO PARK, CA 94025
WWW.NK-PC.COM

Docket, Item # 24. Defendant OnlineNIC had no knowledge, direct or indirect, of this case until December 11, 2008. Declaration of Rex Liu in Support of OnlineNIC's Motion to Set Aside Default, para. 8 (hereinafter "Liu Decl.").

3. One day after discovering the existence of this case, OnlineNIC's president, Mr. Rex Liu, contacted plaintiffs' counsel by telephone on December 11, 2009. Liu Decl. at para. 12. In a live telephone conversation on Dec. 12, 2008 with Mr. David Steele, plaintiffs' lead counsel, Mr. Liu stated that he had just become aware of the case, and that OnlineNIC needed time to retain legal counsel.

4. Mr. Liu followed up by email to Mr. Steele on December 16, 2008, wherein he specifically requested that plaintiffs' forbear from prosecuting the case further until OnlineNIC could retain legal counsel. Liu Decl. at 13.

5. On December 15, 2008, plaintiffs mailed a copy of the motion for default judgment to the same address that was used to unsuccessfully serve the plaintiffs' complaint in the first place. Declaration of Janis M. Manning in Support of Motion for Default Judgment, Docket, Item #31.

6. Plaintiffs filed a motion for default judgment on December 15, 2008 i.e. three days after OnlineNIC contacted plaintiffs' counsel to advise that it had just become aware of the plaintiffs' lawsuit.

### III. ISSUES TO BE DECICED

7. The issues to be decided in this motion are:

(a) Did OnlineNIC make an "appearance" for purposes of Rules 55 of the Federal Rules of Civil Procedure?

(b) Is the Default fatally flawed because plaintiff's failed to give proper notice of the default hearing to OnlineNIC?

(c) Even if the Default is procedurally valid, should it be set aside under Rule 60 for "good cause"?

(d) Should these issues above me determined prior to any application for appointment of

VERIZON V. ONLINENIC – CASE NO. 08-02832
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S
MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF

PAGE 2 OF 9

NARANCIC & KATZMAN, PC
325 SHARON PARK DRIVE, #736
MENLO PARK, CA 94025
WWW.NK-PC.COM

a receiver is heard?

## IV.   ARGUMENT

### A.   THE DEFAULT SHOULD BE SET ASIDE BECAUSE IT IS VOID

8. A default judgment may be set aside if it is void. Rule 60(b)(4). In this case, the Default is void because plaintiffs failed comply with the notice requirements set forth in Rule 55(b). See e.g. D.B v. Bloom, 896 F. Supp. 166 (D.N.J.) ("The court must be satisfied that the non-moving party has received notice of the motion…."). See also E&J Gallo Winery, v. Rallo, 430 F. Supp. 2d 1064, 1085 (stating that default judgment must be set aside if there is improper service).

### B.   ONLINENIC MADE AN APPEARANCE FOR PURPOSES OF RULE 55

9. Any party that has made an appearance must be provided with at written notice of the motion for default judgment at least 3 days prior to the hearing. Rule 55(b). In this case, OnlineNIC, through Mr. Liu, contacted Mr. Steele by telephone and email starting on Dec. 12, 2008. Liu Decl. at para. 12. Among other things, Mr. Liu stated that OnlineNIC did not receive actual notice of the plaintiffs' lawsuit, and he further requested that plaintiffs not proceed with the case until OnlineNIC could retain legal counsel. Id. At no time did plaintiffs' counsel advise OnlineNIC that plaintiffs were about to file a motion for default or default judgment. Liu Decl. at para. 14.

10. It is clear that OnlineNIC made an "appearance" for purposes of Rule 55(b). See e.g. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d, 927 (9th Cir.) ( "a court will usually try to find that there has been an appearance by defendant"), and New York v. Green, 420 F.3d 99 (2d Cir. 2005) (holding that informal contacts like telephone contacts may constitute an appearance). Consequently, OnlineNIC should have received actual notice of plaintiffs' motion for default judgment prior to the default judgment hearing on December 19, 2008. The only way for such notice to have been made in the circumstances of this case would have been for Mr. Steele to telephone or email Mr. Liu using the contact information he had readily available following his Dec. 12 telephone conversation with Mr. Liu.

VERIZON V. ONLINENIC – CASE NO. 08-02832
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S
MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF

PAGE 3 OF 9

NARANCIC & KATZMAN, PC
325 SHARON PARK DRIVE, #736
MENLO PARK, CA 94025
WWW.NK-PC.COM

C. **PLAINTIFF'S FAILED TO COMPLY WITH RULE 55 NOTICE REQUIREMENTS**

11. Plaintiffs' declaration filed in support of the motion for default judgment, which was filed on December 15, 2008 (3 days after Mr. Liu contacted plaintiffs' counsel) does not state that OnlineNIC either made an "appearance" or was otherwise in contact with plaintiffs. At a very minimum, plaintiffs had a positive duty to advise the Court that OnlineNIC had made contact with plaintiffs seeking an extension of time to answer the complaint.

12. It is clear that at the time of the default judgment hearing on Dec. 19, OnlineNIC did not have actual notice of the hearing because plaintiffs sent a copy of the motion to an address that they knew was not effective address for OnlineNIC (because they had been unable to serve the complaint at that address). Plaintiffs' counsel had Mr. Liu's telephone number and valid email address, but, for mysterious reasons, failed to use this information. It is clear that plaintiffs' actions were planned to suppress, rather than enable, notice to OnlineNIC. Since actual notice is required under Rule 55(b) where a otherwise defaulting party has made an appearance, and since no such actual notice was made by plaintiffs in this case, the Default must be set aside. D.B v. Bloom, 896 F. Supp. 166 (D.N.J.) ("The court must be satisfied that the non-moving party has received notice of the motion….").

D. **THE DEAFULT MUST BE SET ASIDE UNDER RUKE 60(B)(1) AND (6)**

13. A default judgment may be set aside where there is "mistake, inadvertence, surprise or excusable neglect", or any "other reason that justifies relief". Rule 60(b)(1) and (6). In this case, OnlineNIC's lack of actual or constructive notice of the Verizon complaint justifies setting aside of the Default. Furthermore, plaintiffs' intentional failure to not provide notice of its Motion for Default Judgment after December 12, 2009 constituted inequitable conduct, or worse, that justifies the setting aside of the Default.

14. As a general rule, default judgments are disfavored and cases should be decided on their merits whenever reasonably possible. Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985).

VERIZON V. ONLINENIC – CASE NO. 08-02832
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S
MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF

PAGE 4 OF 9

NARANCIC & KATZMAN, PC
325 SHARON PARK DRIVE, #736
MENLO PARK, CA 94025
WWW.NK-PC.COM

15. The general criteria for assessing a motion to set aside a default judgment are set forth in Falk v. Allen, 739 F 2d 461,463 (9th Cir. 1984):

   a. Whether the defendant engaged in culpable conduct that led to the default;
   b. Whether the defendant had a meritorious defense, or
   c. Whether reopening the default judgment would prejudice plaintiff.

16. These "Falk Factors" are to be balanced, and applied by conducting an equitable inquiry, taking into account all of the relevant circumstances. E&J Gallo, 430 F. Supp. 2d, at 1087.

**1. Falk Factor #1: OnlineNIC failure to timely respond to the Verizon complaint was not culpable.**

17. Citing TCI Group Life Ins. Plan v. Knoebber, 244 F 3d 691 (9th Cir. 2001), the court in *E&J Gallo*, 430 F. Supp, at 1087 summarized the applicable law on determining culpability, which focuses on whether a defaulting defendant has somehow tried to obstruct the judicial process:

> In this Circuit, a court asked to set aside a default must determine:
>
> (1) Whether the defaulted party received actual or constructive notice of the suit?
>
> (2) or did he default and party intentionally failed [sic] to respond? To answer the second question, a court must determine whether the defaulted party offered a credible good-faith explanation than negates any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.

18. In this case, it is clear that OnlineNIC did not have actual or constructive notice of the Verizon lawsuit. Liu Decl. at para. 8. The facts that OnlineNIC contacted Microsoft, and the Court, in a related case after it received personal service of the Microsoft case, shows that Online NIC treated the judicial process seriously. Liu Decl. at para. 5.

19. Moreover, the fact that Mr. Liu did not have an adequate understanding of the legal system, further excuses OnlineNIC in its failure to react more quickly after Mr. Liu discovered the Verizon Complaint on Dec. 11, 2008. Liu Decl. at para. 5. E&J Gallo, supra at 1088 (stating that a default contributed by a defendant's lack of knowledge of the legal system favors setting aside a

default). Therefore, OnlineNIC is not culpable in its failure to respond to the Verizon complaint, and this criterion favors setting aside the Default.

**2. Falk Factor #2: Verizon will not be prejudiced by granting of the set aside.**

20. The second "Falk Factor" asks this court to determine if there will be any prejudice to Verizon if the set aside is granted. In this case, there will be no prejudice to Verizon, except the delay in resolution of the case. However, mrer delay in the resolution of a case is not sufficient to establish prejudice. TCI, 244 F.3d at 701. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered. Id. Indeed, plaintiffs have not put forth a shred of evidence to support its claims that OnlineNIC is about hide assets in an attempt to frustrate execution of the Default. See Ex Parte Motion to Shorten Time for Hearing re ex parte Application for Appointment of a Receiver, Docket, Item # 54.

**3. Falk Factor #3: OnlineNIC has a meritorious defense**

21. The third "Falk Factor" asks whether OnlineNIC has a meritorious defense. To establish its cyber-squatting claims, Verizon must prove the following:

    a.    It has a valid trademark entitled to protection;
    b.    Its mark is distinctive or famous;
    c.    The defendants domain name is identical or confusingly similar to, or in the case of famous marks, diluted off, the owners mark
    d.    The defendant used, registered, or trafficked in the domain name
    e.    With a bad faith intent to profit.

Bosley Medical Institute, Inc. v. Kremer, 403 F.3d 672,681 citing DailmerChrysler v. The Net Inc., 388 F. 3d 201,204 (6th Cir. 2004)

22. Assuming, *arguendo*, that Verizon has established the first 3 elements, OnlineNIC has provided evidence that the last 2 factors cannot be proved. To prevail of the third Falk Factor, OnlineNIC needs to show that Verizon's case cannot be decided as a matter of law at this stage. E&J Gallo, 430 F. Supp. 2d 1064, 1094.

23. In this case, OnlineNIC's evidence is that it does not have control over what their customers register, or what information their customers input as part of their registration data. Liu

VERIZON V. ONLINENIC – CASE NO. 08-02832
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S
MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF

NARANCIC & KATZMAN, PC
325 SHARON PARK DRIVE, #736
MENLO PARK, CA 94025
WWW.NK-PC.COM

PAGE 6 OF 9

Decl. at III. 4,11.  It has further provided evidence that the Verizon domains allegedly infringed by OnlineNIC were registered by a customer holding account #393345, and OnlineNIC has provided further evidence showing that there was a credit card transaction processed which traces to Account #393345.  Liu Declaration, para. III.7.

24.     OnlineNIC has been highly co-operative with Verizon, Microsoft and Yahoo! – and has provided large amounts of information voluntarily to these parties in an effort to settle these cases.  Liu Decl. at para. III 12  Such voluntary efforts on the part of Verizon further evidence that OnlineNIC has a meritorious defense.

25.     While OnlineNIC admits that it received some revenue from the allegedly infringed domains, there was no bad faith on the part of OnlineNIC in doing so.  These revenues were derived from standard monetizing agreements that are common in the intranet registration industry.  Liu. Decl., para.III. 13-14

E.     **THERE SHOULD BE NO CONDITIONS PLACED ON A SET ASIDE ORDER.**

26.     While it is true that the court has jurisdiction to condition a set aside, such conditions would not be appropriate in this case.  For instance, courts sometimes condition a set aside order with a requirement that the defendant pay the plaintiffs fees and costs associated with seeking the default.  E&J Gallo, 430 F. Supp. 2d 1064, 1094.  However, in this case, OnlineNIC has had to expend significant sums on preparing the instant motion – which were needless expenditures given the fatal procedural flaws in the Default.  OnlineNIC provided notice to plaintiffs of the procedural flaws in a letter dated February 19.  Declaration of Perry J. Narancic in Support of Defendant OnlineNIC's Motion to Set Aside Default Judgment and Other Relief, para. 7.

F.     **PUBLIC POLICY DESERVES THAT DEFENDANT'S MOTION BE HEARD**

27.     If the Default Judgment is permitted to stand, it will amount to strict liability for all registrars.  For the reasons already stated in this Memorandum, an Internet domain registrar has limited ability to police what its customers are doing when using those customers register domains.  The Default ascribes liability to OnlineNIC for conduct of its customers that is beyond the

VERIZON V. ONLINENIC – CASE NO. 08-02832
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S
MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF

PAGE 7 OF 9

NARANCIC & KATZMAN, PC
325 SHARON PARK DRIVE, #736
MENLO PARK, CA 94025
WWW.NK-PC.COM

reasonable control of any registrar.

G. **PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER SHOULD BE STAYED**

28. If a receiver is appointed in this case prior to adjudication of OnlineNIC's motion to set aside default judgment, Online shall suffer irreparable harm because it will lose its ability operate its core business (domain registration), and immediately lose the goodwill of its customers. Thus, it is appropriate to have OnlineNIC's Motion to Set Aside Default Judgment heard at the earliest time possible, and to have plaintiff's Motion for Appointment of a Receiver stayed until defendants set aside motion can be heard. The balance of convenience favors OnlineNIC is this regard, because plaintiffs have shown no prejudice that is likely to result from a delay in hearing their motion. See para. 20 of this Motion.

## V. CONCLUSION

29. For all the foregoing reasons, defendant OnlineNIC respectfully requests that the court set aside the Default and grant the relief sought in the Notice of Motion and Motion accompanying this Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED,

NARANCIC & KATZMAN, PC

DATED: February 24, 2009

/s/ Perry J. Narancic
_____
Perry J. Narancic

Attorneys for Defendant
ONLINENIC, INC.

VERIZON V. ONLINENIC – CASE NO. 08-02832
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ONLINENIC'S
MOTION TO SET ASIDE DEFAULT JUDGMENT, AND OTHER RELIEF

PAGE 8 OF 9

NARANCIC & KATZMAN, PC
325 SHARON PARK DRIVE, #736
MENLO PARK, CA 94025
WWW.NK-PC.COM