DAVID J. STEELE, CA Bar No. 209797
Email: djslit@cph.com
CHRISTIE, PARKER & HALE, LLP
3501 Jamboree Road, Suite 6000-North Tower
Newport Beach, CA 92660
Telephone: (949) 476-0757
Facsimile: (949) 476-8640

HOWARD A. KROLL, CA Bar No. 100981
Email: howard.kroll@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Pasadena, California 91105
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

SARAH B. DEUTSCH (Admitted pro hac vice)
Email: sarah.b.deutsch@verizon.com
VERIZON CORPORATE RESOURCES CORP.
1320 North Court House Road, Suite 900
Arlington, VA 22201
Telephone: (703) 351-3044
Facsimile: (703) 351-3670

Attorneys for Plaintiffs,
VERIZON CALIFORNIA INC.
VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ONLINENIC INC.; and DOES 1-10,<br><br>Defendants. | Case No. CV-08-2832-JF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EX PARTE MOTION TO STAY PLAINTIFFS' MOTION FOR APPOINTMENT OF A RECEIVER**<br><br>DATE:   February 27, 2009<br>TIME:    1:30 p.m.<br>CTRM:   3, 5th Floor<br><br>Hon. Jeremy Fogel |

Oppos. to Ex Parte Motion re Appt. of Receiver
Case No. CV 08-2832 JF

CHRISTIE, PARKER & HALE, LLP

## I. INTRODUCTION

On June 6, 2008, Plaintiffs Verizon California Inc., Verizon Trademark Services LLC and Verizon Licensing Company (collectively, "Verizon") filed their Complaint against defendant OnlineNIC, Inc. ("OnlineNIC"). For the past eight months, OnlineNIC has engaged in misrepresentations and gamesmanship in order to evade service, delay litigation, and avoid responsibility for its cybersquatting, each of which has resulted in increased litigation costs to Verizon.

For example, on July 17, 2008, Rex Liu, the President of OnlineNIC, personally signed for an Express Mail package from Verizon which contained the Summons and Complaint. Declaration of David J. Steele ("Steele Dec."), Exhibit A. Yet, Mr. Liu and OnlineNIC sat on their hands and did not contact Verizon until the Notice of Default was served on them by fax and email on December 11, 2008. When Mr. Liu telephoned David Steele, counsel for Verizon, on December 12, Mr. Liu informed Mr. Steele that OnlineNIC would likely ignore the case even though a judgment would be entered against OnlineNIC. (Steele Dec., ¶ 3). And now, more than 10 weeks later, after Verizon has expended attorney's fees in filing motions and enforcing the default judgment, OnlineNIC belatedly seeks to set aside the default judgment on shortened notice and to stay the hearing on Verizon's motion to appoint a receiver.

OnlineNIC's conduct must not be condoned. Courts hold that OnlineNIC is culpable for the default because it received actual notice of the filing of the action and intentionally failed to answer. By itself, this dooms its motion to set aside the default. *Franchise Holding v. Huntington Restaurants Group,* 375 F. 3d 922, 926 (9th Cir. 2004). Nevertheless, since OnlineNIC's motion to set aside the default judgment has no basis in either law or fact, Verizon does not object to scheduling the hearing for March 13, 2009.[1]

Verizon, however, does oppose delaying the hearing on its motion to appoint a receiver. It is telling that OnlineNIC failed to file any opposition to Verizon's motion for a receiver. Nor did OnlineNIC object to having Verizon's motion heard on shortened notice. Nor does

---

[1] Verizon respectfully requests that it be permitted to file an Opposition to OnlineNIC's motion on or before Monday, March 9, 2009. OnlineNIC's reply, if any, could be filed on or before Wednesday, March 11, 2009.

1

Oppos. to Ex Parte Motion re Appt. of Receiver
Case No. CV 08-2832 JF

OnlineNIC describe how it would be prejudiced if a receiver were appointed. Verizon, by contrast, must be able to ensure that records are not destroyed, domain names are not deleted, and assets are not dissipated. Given the prior actions of OnlineNIC, Verizon can only be protected if a receiver is appointed by the Court on February 27, 2009 to assume, assess and manage OnlineNIC's registrar business.

## II. ONLINENIC'S CULPABLE CONDUCT LED TO ITS DEFAULT

OnlineNIC's consistent conduct in this litigation shows that there was a "devious, deliberate, willful or other bad faith failure to respond." *TCI Group Life Insurance v. Knoebber,* 244 F.3d 691, 698 (9th Cir. 2001). First, OnlineNIC avoided service by providing false information to the Secretary of State. The California Secretary of State records show that OnlineNIC listed 2315 26th Avenue, San Francisco, California (the "San Francisco Address") as the address for its principal business offices and for Mr. Liu. This was false.[2] *See Pena v. Seguros La Commercial,* 770 F. 2d 811, 815 (9th Cir. 1985) (defendant was culpable because it provided customers and state insurance regulators with an incorrect address, thereby precluding service of process on the company).

OnlineNIC also listed 351 Embarcadero E., Oakland, California (the "Oakland Address") as its mailing address on its website. Yet, when Verizon attempted to personally serve OnlineNIC at the Oakland Address, an employee at the business operating there informed Verizon's process server that OnlineNIC did not conduct business at that address.[3] This also was false. In fact, Mr. Liu was served with another lawsuit[4] "[a]t the end of October, **while at the office.**" Liu Declaration, ¶ 4 (emphasis added). According to the Docket, Mr. Liu was served by Microsoft at the Oakland Address. (Microsoft Court Docket No. 8).

In addition, Mr. Liu and OnlineNIC have been aware of this lawsuit since July 2008 —

---

[2] *See* Declaration of Joshua T. Chu, ¶¶ 2-5, 8 (Court Docket No. 13) and Declaration of Jason Smith, ¶¶ 2-7 (Court Docket No. 15) filed in support of Verizon's First Application For An Order Authorizing Service of OnlineNIC By Deliver To The Secretary of State.

[3] Verizon attempted to serve OnlineNIC at the Oakland Address six times. *See* Verizon's Second Application for An Order Authorizing Service. (Court Docket No. 19).

[4] Microsoft v. OnlineNIC, Case No. 08-04648 MHP (N.D. Cal. 2008).

but have failed to respond until now. On July 17, 2008, Mr. Liu personally signed for an Express Mail package sent to the Oakland Address by Verizon which contained the Summons and Complaint in this case, as well as a Waiver of Service of Summons. A copy of Mr. Liu's signature is attached as Exhibit A to the Declaration of David Steele. OnlineNIC failed to respond to the Complaint and did not sign the Waiver form. Yet, in his declaration, Mr. Liu states that "I did not receive personal service of the Verizon complaint prior to December 11, 2008, nor did I have any knowledge of the Verizon Case until December 11, 2008." (Liu Declaration, ¶ 8). This is patently false. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F. 3d 347, 350 (9th Cir. 1999) (defendants were culpable because, among other reasons, they filed false affidavits claiming they had not been served).

Even assuming that Mr. Liu's declaration accurately reflects the facts, **OnlineNIC still has not filed or attempted to file an answer to Verizon's complaint.**[5] Rather, for more than 2 months, OnlineNIC has stood idly by while Verizon has incurred litigation costs associated with its motions for default judgment and to appoint a receiver, and enforcement of the judgment. This conduct is consistent with Mr. Liu's stated strategy: if OnlineNIC could not settle the case then it would likely ignore the case even though a judgment would be entered against OnlineNIC. Steele Dec., ¶ 3.

Since OnlineNIC's culpable conduct led to the default, its motion to set aside the default must be denied. *Franchise Holding*, 375 F. 3d at 926.

### III. DEFAULT JUDGMENT WAS PROPER BECAUSE MR. LIU AND ONLINENIC DID NOT MAKE AN APPEARANCE FOR PURPOSES OF RULE 55 OF THE FEDERAL RULES OF CIVIL PROCEDURE

OnlineNIC also claims that the default judgment should be set aside because OnlineNIC made an "appearance" for purposes of Rule 55 of the Federal Rules of Civil Procedure and Verizon was thus required, but failed, to give 3 days written notice of its motion for default judgment. There is no dispute that OnlineNIC did not answer the Complaint. Rather, OnlineNIC claims that it made an appearance because Mr. Liu spoke on the phone with Mr.

---

[5] Nor has OnlineNIC filed an answer in the other lawsuits filed against it by Microsoft and Yahoo!

Steele on December 12, 2008, and Mr. Liu sent an email to Mr. Steele on December 15, 2008. OnlineNIC is mistaken.

During the telephone conversation on December 12, Mr. Liu discussed with Mr. Steele the possible settlement of the case. However, Mr. Liu informed Mr. Steele that OnlineNIC would not pay a substantial sum of money to settle the case and would likely ignore the case. Steele Dec., ¶ 3. When Mr. Liu asked Mr. Steele what he should do, Mr. Steele responded that it would be improper for him to give Mr. Liu legal advice. Mr. Steele also encouraged Mr. Liu to hire an attorney to represent OnlineNIC. Steele Dec., ¶ 3.

This telephone conversation did not constitute an "appearance" under the Federal Rules of Civil Procedure. At no time did OnlineNIC evidence "an intent to defend the suit." *Franchise Holding*, 375 F. 3d at 928. In fact, Mr. Liu's description of the telephone conversation in his declaration only evidences an intent to hire an attorney. Liu Declaration, ¶ 12. Courts require something more. *See Wilson v. Moore & Assocs., Inc.,* 564 F. 2d 366, 369 (9th Cir. 1977) (court found an "appearance" because defendant sent a letter to the court); *State of New York v. Green,* 420 F. 3d 99, 106-107 (2nd Cir. 2005) (court did not find an appearance because defendant did not assert any defense or point out any weakness in the substance of the lawsuit; rather, defendant only discussed its willingness to settle).

Even assuming that such a telephone conversation constitutes an appearance, which Verizon denies, Verizon properly and timely provided written notice to OnlineNIC. On December 15, 2008, Verizon filed its Motion for Default Judgment and served OnlineNIC (1) at the Oakland Address by federal express and first class mail, (2) at the San Francisco Address by first class mail and (3) by email at cs-os@onlinenic.com.[6] Verizon's actions (and overbroad attempts at service) show that it did not "suppress" notice to OnlineNIC or conceal "its intent to pursue litigation for fear of stimulating the defendant into defending itself." *Franchise Holding,* 375 F. 2d at 928.

---

[6] On December 11, 2008, Verizon filed its Request for Entry of Default and served OnlineNIC at both the San Francisco Address and Oakland Address and by email and by fax. Default was entered on December 12, 2008, the same day that Mr. Liu spoke to Mr. Steele.

4

OnlineNIC also claims that it made an appearance, for purposes of Rule 55, when Mr. Liu sent an email to Mr. Steele on December 15. Yet, that email was sent several hours after Verizon had filed its notice of default judgment. It is obvious that an email sent at 9:00 p.m. could not require Verizon to give notice to OnlineNIC for documents filed **six hours earlier.**

IV. **DEFAULT JUDGMENT SHOULD NOT BE SET ASIDE UNDER RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

OnlineNIC's culpable conduct dooms its motion to set aside the default judgment under Rule 60. In addition, OnlineNIC's motion should be denied because Verizon has been prejudiced by OnlineNIC's inaction. *Falk v. Allen,* 739 F. 2d 461, 463 (9th Cir. 1984).[7] Verizon has incurred attorney's fees in attempting to serve OnlineNIC, moving for default judgment and for a receiver,[8] and enforcing the judgment. In order to alleviate such prejudice, Courts properly condition vacating a default judgment upon the reimbursement by the defaulting party on the nondefaulting party for all costs incurred prior to the motion to vacate. *See Hawaii Carpenters Trust Funds v. Stone,* 794 F. 2d 508, 512-513 (9th Cir. 1986) (listing cases); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec,* 854 F. 2d 1538, 1546-47 (9th Cir. 1988)("it is appropriate to condition setting aside a default upon the payment of a sanction"). Thus, if this Court were to set aside the default judgment in this case, it should be conditioned on OnlineNIC's payment to Verizon of the substantial attorney's fees incurred by Verizon in this matter.

DATED: February 26, 2009

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By   /s/David J. Steele
Howard A. Kroll, Attorneys for Plaintiffs,
VERIZON CALIFORNIA INC., VERIZON
TRADEMARK SERVICES LLC VERIZON
LICENSING COMPANY

SCL IRV1116506.2-*-02/26/09 12:10 PM

---

[7] Verizon's opposition to OnlineNIC's motion to set aside the default judgment will also show in great detail that OnlineNIC does not have a meritorious defense. *See Falk,* 739 F.2d at 463.

[8] In fact, OnlineNIC's counsel, Perry Narancic, first contacted Verizon's counsel on January 9, 2009 and informed them that OnlineNIC would immediately file a motion to set aside the default. Yet, OnlineNIC waited another 7 weeks before filing such a motion. Had OnlineNIC filed its motion in January, as promised, Verizon would not have incurred the cost of preparing and filing its motion for appointment of a receiver.